UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QURAN BAKER,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent,

_____/

Civil No. 2:21-CV-11105
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Quran Baker, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through counsel Sheldon Halpern, petitioner challenges his convictions for carrying a concealed weapon, M.C.L.A. 750.227; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, second-offense, M.C.L.A. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted following a bench trial in the Wayne County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of defendant's arrest for the unlawful possession of a firearm. The basic facts of the case are not in dispute; rather, the issues on

1

appeal exclusively relate to events that occurred after defendant's arrest. After defendant's arrest, he retained attorney Sheldon Halpern. Halpern was able to negotiate a plea offer in which the prosecution agreed to seek a sentence of 2½ years' imprisonment (plea deal #1). Halpern subsequently filed a motion to suppress and an evidentiary hearing was held. At the evidentiary hearing, Halpern moved to disqualify the trial court judge for alleged bias. The trial court denied defendant's motion for disqualification, but it did not rule on defendant's motion to suppress. Halpern subsequently withdrew the motion to suppress. Halpern withdrew as defendant's attorney, and defendant retained attorney W. Otis Culpepper.

Culpepper was able to negotiate a plea offer in which defendant would serve time in the county jail and then be released with a tether (plea deal #2). On the date of the pretrial hearing, the prosecution revoked its plea offer. Defendant then waived his right to a jury trial on the record and in writing. During trial, Culpepper revived Halpern's motion to suppress, but asked the trial court to rule on the motion after the evidence had been presented and closing arguments were complete. The trial court complied, and ultimately denied defendant's motion to suppress. The trial court found defendant guilty of all three counts and sentenced him to five years' imprisonment and three years' probation.

Defendant filed a motion for a new trial and a request for a *Ginther* [1] hearing to determine whether Culpepper had been ineffective as defendant's trial counsel. The trial court granted defendant's motion for a *Ginther* hearing. After the *Ginther* hearing, the trial court determined that defendant had not been denied the effective assistance of counsel. The trial court denied defendant's motion for a new trial. This appeal followed.

*People v. Baker*, No. 344590, 2020 WL 1046691, at * 1 (Mich. Ct. App. Mar. 3, 2020).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 506 Mich. 1027, 951 N.W.2d 657 (2020).

Petitioner seeks habeas relief on the following ground:

State court's application of *Strickland v. Washington* was objectively unreasonable where trial counsel's erroneous advice and failure to communicate plea agreement resulted in a prison sentence twice as long.

---

[1] *People v. Ginther*, 390 Mich. 436, 443; 212 N.W.2d 922 (1973)(footnote original).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

3

### III. Discussion

Petitioner alleges that his second trial attorney, Otis Culpepper, was ineffective as his trial counsel. Petitioner argues that his second attorney was ineffective because he failed to ask the trial court to rule on his motion to suppress the firearm before trial, choosing instead to argue the motion to suppress as part of the bench trial. Petitioner also argues that Mr. Culpepper gave him erroneous advice concerning his sentencing exposure if he was convicted after a bench trial, as opposed to accepting plea deal # 1, which called for a minimum sentence of 2 ½ years in prison. Petitioner argues that but for this deficient performance, he would have accepted plea deal # 1 if he had known before the conclusion of trial that the motion to suppress the firearm would be denied. Petitioner argues he was prejudiced by counsel's deficiencies, because he received a five year prison sentence after being convicted of felony-firearm, second-offense. [2]

The Michigan Court of Appeals rejected the argument that Mr. Culpepper was deficient for advising a consolidated bench trial and motion to suppress:

> At the *Ginther* hearing, Culpepper testified that, in his opinion, consolidating the bench trial and the suppression hearing gave defendant the best chance of acquittal because the trial judge would be required to consider the arresting detectives' credibility in regard to the motion to suppress and defendant's guilt at the same time. Culpepper reasoned that he could undermine the arresting detectives' credibility such that the trial court could acquit defendant even if it denied defendant's motion to suppress. Culpepper opined that this strategy gave him "two bites at the apple." Prior to trial, Culpepper investigated the events leading up to defendant's arrest by taking pictures where defendant was arrested, interviewing witnesses, and preparing the witnesses for trial. At trial, Culpepper called witnesses in an attempt to undermine the arresting detectives' credibility. In doing so, Culpepper elicited testimony that was contrary to the arresting detectives'

---

[2] **Error! Main Document Only.**A mandatory five-year term of imprisonment for a second conviction of felony-firearm must be imposed where the second offense is subsequent to the first felony-firearm conviction. *See People v. Sawyer,* 410 Mich. 531, 536, 302 N.W. 2d 534 (1981).

version of the events leading up to defendant's arrest. Specifically, defendant's brother testified that the detectives entered the repair shop and pulled defendant outside before arresting him. In contrast, the detectives testified that they arrested defendant while defendant was standing outside of his brother's automobile repair shop.

The trial court found that the testimony of the detectives was credible and Culpepper's strategy was ultimately unsuccessful. Nonetheless, "[a] particular strategy does not constitute ineffective assistance of counsel simply because it does not work." Considering the strong presumption that an attorney's challenged action constituted sound trial strategy, and that this Court will not substitute its judgment for that of counsel on matters of trial strategy, Culpepper's performance was not objectively unreasonable.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Here, Culpepper determined that having the trial judge rule on the motion to suppress the firearm and defendant's guilt at the same time gave defendant the greatest chance of success. Whether or not we might have made the same decision is not the test; it was an aspect of Culpepper's trial strategy, the strategy was thought out in advance, and it was not unreasonable for Culpepper to think it presented the best prospect for success. Thus, Culpepper's request that the trial court rule upon defendant's motion to suppress at the same time that the trial court rendered its verdict following the bench trial did not place his performance "below an objective standard of reasonableness under prevailing professional norms."

*People v. Baker*, 2020 WL 1046691, at * 2–3 (internal citations omitted).

The Michigan Court of Appeals further found that petitioner was not prejudiced by counsel's performance:

Defendant argues that he was prejudiced by Culpepper's failure to seek pretrial disposition of the motion to suppress and Culpepper's request that the trial court rule upon defendant's motion to suppress at the same time that the trial court rendered its decision following the bench trial. We disagree.

Defendant avers that he would have accepted plea deal # 1 if he had known the outcome of the motion to suppress prior to trial. But defendant has failed to establish that any plea deal was available to him after he declined plea deal # 1. During the *Ginther* hearings, the trial court made a finding of fact that "[d]efendant never accepted any offers from the People and offered no

5

evidence during the [*Ginther*] Hearing that there were any other offers open at any time following his rejections of the People's initial offer." At the *Ginther* hearing, defendant testified that Halpern negotiated plea deal # 1. When defendant retained Culpepper as counsel, Culpepper attempted to negotiate a more favorable plea deal. Culpepper met with the prosecution, and he represented to defendant that he was able to negotiate plea deal # 2. On the date of the pretrial hearing, Culpepper informed defendant that plea deal # 2 was no longer available because it was rejected by a supervising prosecutor. There was no evidence presented at the *Ginther* hearing that plea deal # 1 was still available after the parities had negotiated plea deal # 2. Defendant bears the burden of establishing the factual predicate for his claim. A thorough reading of the record establishes that defendant has failed to meet his burden because he has not presented any evidence that plea deal # 1, or any other plea deal for that matter, was still available after the parities had negotiated plea deal # 2. Even assuming that plea deal # 1 was still available at the time plea deal # 2 fell through, defendant has failed to provide evidence that plea deal # 1 still would have been available after the trial court had ruled on defendant's motion to suppress.

Consequently, the trial court did not clearly err when it found that there were no pending plea offers after plea offer # 2 fell through. Thus, defendant has failed to establish that he could have accepted plea offer # 1 prior to trial if the trial court had ruled on the motion to suppress at that time. Accordingly, defendant was not prejudiced by Culpepper's decision because defendant has failed to establish a reasonable probability that the result of the proceeding would have been different if the trial court had ruled on defendant's motion to suppress the firearm before rendering its verdict.

*People v. Baker*, 2020 WL 1046691, at * 3–4 (internal citation omitted).

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 566 U.S. 156, 163 (2012); *Missouri v. Frye,* 566 U.S. 134, 143-44 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler,* 566 U.S. at 162 (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to  establish that he or she was prejudiced by counsel's alleged deficiency, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances.  The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Id.,* at 164.

As an initial matter, counsel's decision to do a joint or combined bench trial and suppression hearing was not ineffective. *See People v. Hanson*, 256 A.D.2d 74, 74, 683 N.Y.S.2d 202, 203 (1998).  Another judge in this district has ruled that counsel was not ineffective for seeking the suppression of a habeas petitioner's confession in the middle of a jury trial, rather than by filing a pre-trial motion to suppress. *See Garcia-Dorantes v. Warren,* 769 F. Supp. 2d 1092, 1106 (E.D. Mich. 2011)(Lawson, J.)(Counsel's decision to challenge the voluntariness of the statement mid-trial rather than in a pre-trial motion is a reasonable strategy that defeats petitioner's claim). Counsel reasonably concluded that he could get "two bites of the apple" by employing this procedure of seeking suppression of the evidence during the trial, in that he was hoping that the judge would

7

either suppress the firearm and dismiss the case or find the officers incredible and acquit petitioner. The fact that this strategy was unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("[A]n ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken."). At the very least, this Court cannot say that the Michigan Court of Appeals' rejection of petitioner's claim was unreasonable.

Petitioner is also not entitled to relief on his claim that his second attorney guaranteed him that he would receive only 2 ½ years in prison if he lost at trial. In denying petitioner's ineffective assistance of counsel claim, the judge at the conclusion of the *Ginther* hearing did not find credible testimony from petitioner and his friend that Mr. Culpepper guaranteed petitioner 2 ½ years in prison if he was convicted after a trial. The judge found more credible Mr. Culpepper's testimony that he never guarantees anything to a client. The judge also noted that petitioner had admitted at the *Ginther* hearing that counsel never promised him that he would not be convicted of the felony-firearm charge [which carries a mandatory five year prison sentence.]. Petitioner also had admitted that his first attorney told him that if the motion to suppress failed, the case was "indefensible." (ECF No. 5-13, PageID. 592-94).

While the ultimate question of ineffective assistance of counsel is a mixed question of law and fact, the factual findings of state courts underlying such an analysis are accorded the presumption of correctness in federal habeas proceedings. *See Abdur'Rahman v. Bell*, 226 F. 3d 696, 702 (6th Cir. 2000). This is particularly so where credibility determinations are involved. *See e.g. Mix v. Robinson,* 64 F. App'x. 952, 956 (6th Cir. 2003). The presumption of correctness also "also applies to those implicit

8

findings of fact that are inherent in [a state court's] resolution of conflicting evidence." *McPherson v. Woods*, 506 F. App'x. 379, 387 (6th Cir. 2012). This presumption of correctness extends to factual findings made by a state appellate court on the basis of their review of trial court records. *See Treesh v. Bagley*, 612 F.3d 424, 430. n.1 (6th Cir. 2010); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001)(*citing Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). In order to overturn this presumption of correctness, a habeas petitioner must either show that the record as a whole did not support the factual determination or must prove by clear and convincing evidence that the factual determination was erroneous. *See Poole v. Perini,* 659 F. 2d 730, 736 (6th Cir. 1981).

The trial judge made a factual determination that Mr. Culpepper never guaranteed petitioner that he would receive no more than 2 ½ years in prison if convicted after a trial. Petitioner has failed to offer clear and convincing evidence to rebut this factual determination, which this Court must defer to.

Petitioner also failed to show that he was prejudiced by Mr. Culpepper's alleged deficiencies because there was no showing made by petitioner that he would have agreed to accept plea deal # 1, or that the plea offer was still available at the time of trial.

In rejecting petitioner's claim, the trial judge found that petitioner had previously rejected plea deal # 1 when it was conveyed to him by his first attorney, Mr. Halpern. The judge also found that there was no evidence that petitioner would have ever accepted the plea offer, which called for a 2 ½ year sentence, or that this plea offer or other plea offers remained open at any time following petitioner's rejection of the prosecution's initial offer. (ECF No. 5-13, PageID. 589-90).

9

The judge's factual determination is presumed correct on habeas review in the absence of clear and convincing evidence to the contrary.

In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to establish that he was prejudiced by counsel's alleged deficiency, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that defendant would have accepted the plea. *Lafler v. Cooper*, 566 U.S. at 164. In addition, a court, in determining the remedy for ineffective assistance of counsel relating to defendant's rejection of a plea offer, may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her action. *Id.* at 171.

In the present case, there has been no showing that petitioner would have accepted plea deal # 1 and its sentence agreement of a minimum sentence of 2 ½ years in prison, assuming that this offer remained open prior to trial. Petitioner's first attorney, Mr. Halpern, communicated this plea offer to petitioner, which petitioner rejected. Petitioner was aware of the initial plea offer. There is no allegation from petitioner that he asked Mr. Culpepper, his second attorney, to ask the prosecutor to reoffer plea deal # 1 after the prosecutor had rescinded plea deal # 2. Petitioner was aware of the first plea deal but never expressed an interest in accepting it, thus, second counsel's failure to advise petitioner of the option of availing himself of plea deal # 1 or for failing to ask the prosecutor to reoffer the deal did not prejudice petitioner, so as to support an ineffective assistance of counsel claim. *See Smith v. Cook*, 956 F. 3d 377, 394 (6th Cir. 2020)(habeas petitioner was not prejudiced by counsel's failure to inform him of the State's plea offer prior to final pretrial hearing, where the record indicated that prisoner

10

would not have accepted the State's offer had he been informed in a more timely fashion thereof, and where the petitioner actually had ample opportunity to accept or explore the plea offer after learning of it, given that offer was kept open during trial, but did not avail himself of that opportunity). At the very least, petitioner was not prejudiced by Mr. Culpepper's alleged deficiency in failing to explore whether the first plea deal remained open or to ask the prosecutor to reinstate the offer, because he failed to show that he would have unequivocally pleaded guilty to the charges if they involved prison time. *See Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005).

Finally, petitioner has offered no clear and convincing evidence that the original plea deal of 2 ½ years remained open after the negotiations over plea deal # 2 fell apart. Mr. Culpepper could not have been ineffective in failing to seek from the prosecutor, or advise petitioner about, a plea bargain offer that had expired before he took over the case. *See Parrino v. Archuleta*, 630 F. App'x. 739, 741 (10th Cir. 2015). Petitioner is not entitled to relief on his claim.

## IV. Conclusion

The petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis*.

                                      s/ Nancy G. Edmunds
                                      HON. NANCY G. EDMUNDS
                                      UNITED STATES DISTRICT COURT JUDGE

Dated: August 24, 2022